# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN (DETROIT)

DARRYL B. KAPLAN,
        Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION, LLC; and
EQUIFAX INC.;
        Defendants.

CASE NO. 2:09-cv-10047-SFC-VMM

Judge Sean F. Cox
Magistrate Judge Virginia M. Morgan

## TRANS UNION, LLC'S MOTION TO STAY BRIEFING AND CONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PENDING RESOLUTION OF MOTION TO DISMISS FOR PLAINTIFF'S CONTUMACIOUS AND DILATORY FAILURE TO OBEY THIS COURT'S ORDER

Pursuant to Federal Rule of Civil Procedure 37(b)(2), Defendant Trans Union, LLC ("Trans Union"), by counsel, respectfully moves this Court to stay briefing and consideration of Plaintiff's Motion For Summary Judgment (Docket No. 37) until the Court has ruled on Trans Union's Motion To Dismiss For Plaintiff's Contumacious And Dilatory Failure To Obey This Court's Order filed contemporaneously with the instant motion.

Pursuant to Local Rule 7.1(a)(2), Trans Union certifies that it has conferred with Plaintiff's counsel and explained the nature and legal basis of the motion but did not obtain concurrence in the relief sought.[1]

Pursuant to Local Rule 7.1(c), the grounds for this Motion are stated more fully in the accompanying Memorandum of Law In Support Of Motion To Stay Briefing And Consideration Of Plaintiff's Motion For Summary Judgment.

---

[1] In fact, Plaintiff's counsel suggested that a motion based upon Plaintiff's failure to comply with the Court's Order would be frivolous.

1

Respectfully submitted,

*s/William R. Brown*
William R. Brown, Esq. (IN #26782-48)
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis, IN  46204
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  wbrown@schuckitlaw.com

*Counsel for Trans Union, LLC*

Brian A. Nettleingham, Esq. (MI #P58966)
Maddin, Hauser, Wartell, Roth
& Heller, P.C.
28400 Northwestern Hwy., 3rd Floor
Southfield, MI 48034
Telephone: 248-359-7503
E-Mail:  ban@maddinhauser.com

*Local Counsel for Trans Union, LLC*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN (DETROIT)

| | |
|---|---|
| DARRYL B. KAPLAN,<br>        Plaintiff, | CASE NO. 2:09-cv-10047-SFC-VMM<br><br>Judge Sean F. Cox |
| vs. | Magistrate Judge Virginia M. Morgan |
| EXPERIAN INFORMATION SOLUTIONS, INC.;<br>TRANS UNION, LLC; and<br>EQUIFAX INC.;<br>        Defendants. | |

**TRANS UNION, LLC'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY BRIEFING AND CONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PENDING RESOLUTION OF MOTION TO DISMISS FOR PLAINTIFF'S CONTUMACIOUS AND DILATORY FAILURE TO OBEY THIS COURT'S ORDER**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................... i

INDEX OF AUTHORITIES ............................................................................................. ii

STATEMENT OF ISSUES PRESENTED ....................................................................... 1

STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY

    FOR RELIEF SOUGHT ........................................................................................ 1

INTRODUCTION ............................................................................................................. 1

STATEMENT OF SUPPORTING FACTS ...................................................................... 2

LEGAL STANDARD ....................................................................................................... 3

ARGUMENT .................................................................................................................... 3

    I.    IN LIGHT OF PLAINTIFF'S CONTUMACIOUS AND DILATORY CONDUCT IN IGNORING THE COURT'S DISCOVERY ORDER, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE STAYED PENDING RESOLUTION OF TRANS UNION'S MOTION TO DISMISS .................................................................................................... 3

    II.    PLAINTIFF'S CONTUMACIOUS AND DILATORY TACTICS IN DISCOVERY PREJUDICES TRANS UNION'S ABILITY TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT……………………….4

CONCLUSION ................................................................................................................. 6

INDEX OF EXHIBITS……………………………………………………………………8

# **TABLE OF AUTHORITIES**

**CASES:**

Elvis Presley Enters. v. Elvisly Yours, Inc., 936 F.2d 889 (6th Cir. 1991) .................................... 6

Westgate Vill. Shopping Ctr. v. Lion Dry Goods Co., No. 93-3760, 1994 U.S. App. LEXIS 6905 (6th Cir. Mar. 30, 1994) ........................................................................................................ 6

_____

**STATUTES, RULES AND REGULATIONS:**

15 U.S.C. § 1681i.................................................................................................................... 3, 4

Federal Rule of Civil Procedure 37(b)(2) ................................................................................. 1, 3

Federal Rule of Civil Procedure 37(b)(2)(iv)................................................................................ 3

**STATEMENT OF ISSUES PRESENTED**

Whether this Court should stay briefing and consideration of Plaintiff's Motion For Summary Judgment in light of Plaintiff's failure to comply with the Court's two-month-old Order to provide supplemental discovery responses where those responses are relevant to Plaintiff's undisclosed claims upon which his Motion For Summary Judgment is based.

**STATEMENT OF CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT**

In accordance with Local Rule 7.1(c)(2), Trans Union lists the following controlling or most appropriate authority for relief sought:

- Federal Rule of Civil Procedure 37(b)(2).

**INTRODUCTION**

Trans Union, by counsel, respectfully submits this Memorandum Of Law In Support Of Motion To Stay Briefing And Consideration Of Plaintiff's Motion For Summary Judgment ("Motion").  The Motion should be granted because:

1.Plaintiff has failed to comply with the Court's Order to provide his supplemental discovery responses.

2.Trans Union has filed contemporaneously with this motion its Motion To Dismiss For Plaintiff's Contumacious And Dilatory Failure To Obey Court's Order ("Motion To Dismiss"); therefore, judicial economy weighs in favor of deciding that matter before moving forward with the summary judgment proceeding.

3.Plaintiff's Motion For Summary Judgment raises previously undisclosed claims, the outstanding supplemental discovery is relevant to the new claims and it is necessary for a full consideration of the their merits.

1

4.      Plaintiff will not be prejudiced by any delay in the briefing and consideration of his Motion for Summary Judgment, but Trans Union would be prejudiced going forward on the same record.

## STATEMENT OF SUPPORTING FACTS

A more complete statement of the facts underlying this matter is contained in Trans Union's Motion To Dismiss filed contemporaneously with this Motion. In order to avoid unnecessary repetition, Trans Union incorporates and includes those facts herein by reference. However, Trans Union summarizes those facts and includes additional facts as follows:

On March 5, 2009, Trans Union served its discovery requests on Plaintiff. Because Plaintiff failed to supplement his responses, Trans Union filed a Motion To Compel (Docket No. 18). On July 14, 2009, the Court granted in part Trans Union's Motion To Compel and ordered Plaintiff to provide the supplementation by July 31, 2009 (Docket No. 30). The Court's Order explicitly instructed Plaintiff to provide supplemental discovery responses to Interrogatory Nos. 2, 3, 4, and 15 of Tran Union's First Set Of Interrogatories and Request For Production Nos. 6 and 18 of Trans Union's First Request For Production Of Documents. As Trans Union explained in its May 4, 2009, letter requesting supplementation and in its Motion To Compel, the information requested by these items was necessary to identify evidence relating to Plaintiff, to investigate the disputed information and determine Plaintiff's creditworthiness, to weigh Plaintiff's credibility, and to determine whether Plaintiff had provided all of the responsive information currently available to him. (See Docket No. 18 at 9-10; Ex. 1). To date, Plaintiff has failed to comply with the Court's Order.

On October 6, 2009, Plaintiff filed his Motion For Summary Judgment. The Motion For Summary Judgment raises new claims beyond those that Plaintiff previously identified in his

discovery responses and communications with Trans Union. Specifically, these new claims include allegations that Trans Union improperly re-inserted a disputed item into Plaintiff's credit report and failed to provide various notices, all contrary to the requirements of 15 U.S.C. § 1681i. Further, as evidenced by the documents attached to Plaintiff's motion, it also appears that he is denying any ownership of the item in question as he states that he "Never had a Chase Account." [See e.g., Docket No. 37-2, Pl.'s Ex. A, "Credit Discrepancies" (attached hereto as Ex. 2)].

Trans Union's response in opposition to the Motion For Summary Judgment is due October 30, 2009.

## LEGAL STANDARD

Trans Union brings this motion pursuant to Rule 37(b)(2). The rule provides that a Court "may issue further just orders." FED. R. CIV. P. 37(b)(2). By way of example, the rule indicates that the Court may issue an order staying further proceedings until the order is obeyed. See FED. R. CIV. P. 37(b)(2)(iv). If the Court can stay all proceedings, then it naturally follows that the Court is permitted to stay only a portion of them, such as briefing and consideration of Plaintiff's Motion For Summary Judgment.

## ARGUMENT

**I.   IN LIGHT OF PLAINTIFF'S CONTUMACIOUS AND DILATORY CONDUCT IN IGNORING THE COURT'S DISCOVERY ORDER, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE STAYED PENDING RESOLUTION OF TRANS UNION'S MOTION TO DISMISS**

As explained more fully in Trans Union's Motion To Dismiss, Plaintiff's contumacious and dilatory failure to comply with the Court's Order warrants a dismissal of his case. Accordingly, in the interest of judicial economy, there is no need to even consider the Motion For Summary Judgment.

Further, contrary to Plaintiff's representations, the supplemental discovery is relevant to the Motion For Summary Judgment. Plaintiff's Motion For Summary Judgment includes new allegations that were never previously disclosed to Trans Union. Indeed, prior to filing the motion, Plaintiff had expressly stated in his discovery responses and communications that his claims were limited to the timeliness of Trans Union's response to his disputes and the issue of damages. Now, however, Plaintiff contends that Trans Union improperly re-inserted a disputed item into his credit report and failed to provide various notices required by 15 U.S.C. § 1681i. Further, he now even denies ownership of the disputed Chase account. (Ex. 2).

The supplemental discovery is directly related to these new allegations. The requested information is relevant to questions of: (1) Plaintiff's real Social Security number; (2) Plaintiff's disputed information; (3) Plaintiff's creditworthiness; (4) Plaintiff's credibility; and (5) determining whether Plaintiff had provided all of the responsive information currently available to him. (Docket No. 18 at 9-10; Docket No. 30; Ex. 1). Each of those categories has a direct bearing on Trans Union's ability to respond to the new allegations contained in Plaintiff's Motion For Summary Judgment.

## II. PLAINTIFF'S CONTUMACIOUS AND DILATORY TACTICS IN DISCOVERY PREJUDICES TRANS UNION'S ABILITY TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Trans Union should not be required to respond to the Motion For Summary Judgment when Plaintiff has wholly failed to comply with the Court's Order to provide requested information. As discussed above, the supplemental discovery bears on Trans Union's ability to adequately respond to the Motion For Summary Judgment. Indeed, in Plaintiff's game of "hide the ball," it is not even clear that he has provided all of the information currently available to

4

him. Thus, under the circumstances, Plaintiff is not entitled to have his Motion For Summary Judgment considered at this stage.

Moreover, while Trans Union disputes Plaintiff's recitation of the facts, particularly his misrepresentation that Trans Union has admitted to violations, an early review of the Motion For Summary Judgment suggests that it is woefully inadequate and that Plaintiff cannot prevail. For instance, Plaintiff fails to articulate or even attempt to apply the correct legal standard under Rule 56. Instead, he implies that he is entitled to summary judgment because Trans Union has not refuted his allegations. In effect then, Plaintiff is suggesting that Trans Union – a defendant in this suit – bears the burden of proof on Plaintiff's claims contrary to the standard provided in the Fair Credit Reporting Act as well as the prevailing norms in our judicial system. More disturbing, as noted in Trans Union's Motion To Dismiss, Plaintiff admits that he has no documentation on the issue of damages. All of these circumstances suggest that the Motion For Summary Judgment is baseless and a likely candidate for sanctions under Rule 11.

Finally, Plaintiff will not be prejudiced by any delay in the briefing and consideration of the Motion For Summary Judgment. To the contrary, Trans Union will be harmed if it is required to respond on the merits to a motion that not only appears baseless but is based, in part, on facts that remain undisclosed because of Plaintiff's failure to comply with court-ordered discovery. Plaintiff's missing discovery, which has been promised for months and was due over two months ago pursuant to the Court's Order, is relevant to the issues in Plaintiff's Motion For Summary Judgment. Under these circumstances, the Sixth Circuit has expressed several times that summary judgment is inappropriate when a nonmoving party like Trans Union has not had the opportunity to discover all of the information essential to opposing summary judgment, particularly when disputed facts could have been disclosed if Plaintiff had fulfilled his

5

obligations rather than continue with his contumacious and dilatory behavior.  See Westgate Vill. Shopping Ctr. v. Lion Dry Goods Co., No. 93-3760, 1994 U.S. App. LEXIS 6905, * 21-22 (6th Cir. Mar. 30, 1994); Elvis Presley Enters. v. Elvisly Yours, Inc., 936 F.2d 889, 893 (6th Cir. 1991).

For all of the foregoing reasons, the Court should not reward Plaintiff's behavior by addressing the Motion For Summary Judgment at this stage of the litigation.  Instead, the Court should stay briefing on and consideration of Plaintiff's summary judgment motion until after it has decided Trans Union's Motion To Dismiss.

## CONCLUSION

WHEREFORE, Trans Union, LLC requests that this Court stay briefing and consideration of Plaintiff's Motion For Summary Judgment (Docket No. 37) until the Court has ruled on Trans Union LLC's Motion To Dismiss For Plaintiff's Contumacious And Dilatory Failure To Obey This Court's Order (Docket No. 42).

Respectfully submitted,

*s/William R. Brown*
William R. Brown, Esq. (IN #26782-48)
Schuckit & Associates, P.C.
30th Floor, Market Tower
10 W. Market Street, Suite 3000
Indianapolis, IN  46204
Telephone:  317-363-2400
Fax:  317-363-2257
E-Mail:  wbrown@schuckitlaw.com

*Counsel for Trans Union, LLC*

               Brian A. Nettleingham, Esq. (MI #P58966)
               Maddin, Hauser, Wartell, Roth
               & Heller, P.C.
               28400 Northwestern Hwy., 3rd Floor
               Southfield, MI 48034
               Telephone: 248-359-7503
               E-Mail:  ban@maddinhauser.com

               *Local Counsel for Trans Union, LLC*

## INDEX OF EXHIBITS

| Exhibit | Description |
|---|---|
| 1 | Trans Union's 5/4/09 supplementation letter to Plaintiff's counsel |
| 2 | "Credit Discrepancies" (included within Ex. A to Plaintiff's Motion For Summary Judgment) |
| 3 | <u>Westgate Village Shopping Ctr. v. The Lion Dry Goods Co.</u>, No. 93-3760, 1994 U.S. App. LEXIS 6905 (6th Cir. Mar. 30, 1994), provided pursuant to Judge Cox's instruction to attach relevant case law. |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN (DETROIT)

---

| | |
|---|---|
| DARRYL B. KAPLAN,<br>　　　　Plaintiff,<br><br>　　　vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br>TRANS UNION, LLC; and<br>EQUIFAX INC.;<br>　　　　Defendants. | CASE NO. 2:09-cv-10047-SFC-VMM<br><br>Judge Sean F. Cox<br>Magistrate Judge Virginia M. Morgan |

---

### CERTIFICATE OF SERVICE

---

　　　I, **William R. Brown**, hereby certify that on the **19th day of October, 2009**, I electronically filed the foregoing **TRANS UNION, LLC'S MOTION TO STAY BRIEFING AND CONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the ECF systems which will automatically send notification of such filing to the following counsel of record:

| Adam J. Gantz, Esq.<br>agantz@twmi.rr.com | Brian M. Ziff, Esq.<br>bziff@clarkhill.com |
|---|---|
| Tamara E. Fraser, Esq.<br>tfraser@fhwnlaw.com | Stephanie D. Cope<br>scope@kslaw.com |

　　　I hereby certify that on the **19th day of October, 2009**, a copy of the foregoing **TRANS UNION, LLC'S MOTION TO STAY BRIEFING AND CONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** was served on the following parties via U.S., First Class Mail, postage prepaid and properly addressed to the following:

| | |
|---|---|
| None | |

　　　　　　　　　　　　　　　　　　　　　　　　　*s/William R. Brown*
　　　　　　　　　　　　　　　　　　　　　　　　　William R. Brown, Esq. (IN #26782-48)
　　　　　　　　　　　　　　　　　　　　　　　　　Schuckit & Associates, P.C.
　　　　　　　　　　　　　　　　　　　　　　　　　30th Floor, Market Tower
　　　　　　　　　　　　　　　　　　　　　　　　　10 W. Market Street, Suite 3000
　　　　　　　　　　　　　　　　　　　　　　　　　Indianapolis, IN  46204
　　　　　　　　　　　　　　　　　　　　　　　　　Telephone:  317-363-2400
　　　　　　　　　　　　　　　　　　　　　　　　　Fax:  317-363-2257
　　　　　　　　　　　　　　　　　　　　　　　　　E-Mail:  wbrown@schuckitlaw.com

　　　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Trans Union, LLC*

                    Brian A. Nettleingham, Esq. (MI #P58966)
                    Maddin, Hauser, Wartell, Roth
                    & Heller, P.C.
                    28400 Northwestern Hwy., 3rd Floor
                    Southfield, MI 48034
                    Telephone: 248-359-7503
                    E-Mail:  ban@maddinhauser.com

*Local Counsel for Trans Union, LLC*

10