UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darryl B. Kaplan,

    Plaintiff,

v.	Honorable Sean F. Cox

Experian Information Solutions, Inc., *et al.*,	Case No. 09-10047

    Defendants.
_____/

**OPINION & ORDER:
1) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; 2) DENYING MOTION TO EXTEND DISCOVERY; 3) STRIKING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT; 4) DENYING TRANS UNION'S MOTION TO DISMISS; AND 5) DENYING PLAINTIFF'S MOTION TO STRIKE.**

This matter is currently before the Court on several motions filed by the parties. The parties have briefed the issues and the Court held a status conference with the parties on December 11, 2009. For the reasons below, the Court shall: 1) Deny Plaintiff's request for leave to file an amended complaint asserting additional claims; 2) deny Trans Union's motion seeking to extend discovery; 3) strike Plaintiff's motions seeking summary judgment on new claims; 4) deny Trans Union's motion seeking to dismiss Plaintiff's claims as a discovery sanction; and 5) deny as moot Plaintiff's motion to strike a motion to stay that has already been granted.

BACKGROUND

Plaintiff Darryl Kaplan ("Plaintiff") is a consumer who, acting *pro se*, filed suit against the following three credit reporting agencies in state court: 1) Experian, Inc. ("Experian"); 2) Trans Union, LLC ("Trans Union") and 3) Equifax, Inc. ("Equifax"). Plaintiff filed his action in

1

state court on or about December 10, 2008, and Defendants removed the action to this Court on the basis of federal question jurisdiction. Plaintiff's complaint asserts only one count against Defendants – "Violation of 15 USC 1681 (Fair Credit Reporting Act)."

This Court issued the first Scheduling Order in this matter on March 5, 2009. Shortly thereafter, Plaintiff obtained counsel, Adam Gantz, who has represented Plaintiff since April 2009.

The docket reflects that Defendants have had difficulty obtaining discovery from Plaintiff from the onset of this action. Trans Union filed a motion seeking to compel discovery from Plaintiff, which was granted. (Docket Entry No. 30). Defendants also sought an extension of the original Scheduling Order, based on Plaintiff's failure to respond to their discovery requests.

As a result, this Court issued a 2nd Scheduling Order on June 19, 2009, providing: 1) a discovery deadline of December 7, 2009; and 2) a January 8, 2010 deadline for filing dispositive motions. The 2nd Scheduling Order expressly advised the parties that "*The Court will not grant any further requests for adjournment*." (Docket Entry No. 28) (emphasis added).

Starting in October, 2009, the parties began filing numerous motions in this case.

Based on the Court's review of the filings, Defendants made very timely discovery requests, seeking to ascertain the specific nature of the Fair Credit Reporting Act claim asserted against them. After Trans Union filed a motion to compel, Plaintiff was ordered to provide discovery. (*See* 7/14/09 Order, Docket Entry No. 30).

Plaintiff did eventually submit some[1] discovery responses, which indicated that he was

---

[1] It appears that Plaintiff has still not responded to other discovery requests.

asserting a very narrow and specific claim against Defendants.  In Answers to Trans Union's Interrogatories, Plaintiff objected to requests for various information on the basis of relevance, asserting that "the only issued contained within the pleadings before the Court is whether Trans Union complied with its statutory obligations in resolving Plaintiff's credit dispute in a timely manner."  (Docket Entry No. 42-4 at 1) (emphasis in original).   Similarly, in response to Experian's interrogatories, Plaintiff responded as follows:

> INTERROGATORY 13: Please detail the specific actions and/or inactions of Experian which you contend violated its obligations under the FCRA and indicate how Experian should have conducted itself differently.
>
> RESPONSE: Experian failed to respond to my request for investigation within 30 days.  As a result, Experian was required to remove the disputed items.  Experian refused to do so, even after having been urged to follow the requirements of the FCRA by my former attorney, Jeffrey Thav.

(Docket Entry No. 52-3 at 7-8).

Based on the narrow claims asserted in Plaintiff's Complaint, and disclosed by Plaintiff in discovery, Defendants began filing motions for summary judgment.  Plaintiff then starting filing his own Motions for Summary Judgment – but in doing so asserted entirely new claims that were not contained in his Complaint or disclosed during discovery.

Defendants objected to Plaintiff asserting new claims at this late stage and on October 19, 2009, Trans Union filed a "Motion to Dismiss for Plaintiff's Contumacious and Dilatory Failure to Obey This Court's Order."  (Docket Entry No. 42).  In that motion, Trans Union asserts that Plaintiff: 1) has disregarded the order compelling discovery and has still not provided the requested discovery; and 2) filed a motion for summary judgment on entirely new claims.  Along with that motion, Trans Union filed a motion asking the Court to stay further briefing on Plaintiff's Summary Judgment Motion, until the Court could consider the Motion to Dismiss.

3

(Docket Entry No. 43).

This Court granted Trans Union's Motion to Stay and issued an order staying briefing on Plaintiff's Motion for Summary Judgment as to Trans Union. (Docket Entry No. 45).

Plaintiff did not file a response to Trans Union's Motion to Dismiss for Plaintiff's Contumacious and Dilatory Failure to Obey This Court's Order, prompting Trans Union to file a "Request for Grant of Motion to Dismiss for Plaintiff's Failure to Respond" on December 2, 2009. (Docket Entry No. 56).

Rather than respond to Trans Union's motion, Plaintiff started filing motions seeking leave to file an Amended Complaint. (*See* Docket Entry Nos. 47, 49 & 54). Plaintiff wishes to assert additional FCRA claims against Defendants, and also seeks to assert two new state-law claims against Defendants. The new proposed complaint would assert the following claims: "Negligent Violations of the FCRA" (Count I); "Wilful Violations of the FCRA" (Count II); "Negligence" (Count III); and "Defamation" (Count IV). Plaintiff asserts that he wants to file these new claims based on "newly discovered evidence." In his motion to amend, however, Plaintiff states that "None of the Defendants have been asked to answer a single Interrogatory, Request for Production of Documents, or Request for Admission to Date." (Docket Entry No. 47 at 6). Plaintiff has not taken a single deposition in this action either. (12/11/09 Tr.). Thus, Plaintiff acknowledges that he has not taken ANY discovery in this action. Plaintiff also states that "[t]here has been only a single scheduling conference to date," although that is not the case. There have been two such conferences, and two Scheduling Orders, and the last order expressly indicated that no further extensions would be granted.

On December 8, 2009, Plaintiff voluntarily dismissed all claims against Defendant

4

Equifax.  (Docket Entry No. 59).

The two remaining Defendants, Trans Union and Experian, filed briefs opposing Plaintiff's request to file an amended complaint.  In short, they contend that Plaintiff has refused to respond to Defendant's discovery requests, filed motions at the close of discovery based on claims he never asserted, and seeks to file an amended complaint asserting entirely new claims after Defendants filed motions for summary judgment, although Plaintiff has conducted absolutely no discovery in this action.  Defendants contend that Plaintiff's actions in failing to pursue and cooperate in discovery has resulted in undue delay.  They also contend that they have been prejudiced in that they incurred the expense of conducting discovery based on the narrow claims pled, and in filing motions based on those claims, and would have to begin discovery anew if Plaintiff is allowed to assert new claims.

This Court held a status conference in this action on December 11, 2009, to discuss these issues.  Now, having reviewed the parties' written submissions and considered the various arguments asserted, the Court is prepared to rule upon several of these pending motions.

## ANALYSIS

1.   <u>The Court Shall Deny Plaintiff's Untimely Request For Leave To File An Amended Complaint.</u>

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended complaints and provides that, at this stage of the litigation, Plaintiff may amend his complaint only with the opposing party's written consent or the court's leave.  FED. R. CIV. P. 15(a).  The rule further provides that the "Court should freely give leave where justice so requires."  (*Id.*).

Here, Defendants oppose Plaintiff's motion so Plaintiff must obtain leave of this Court in order to amend his complaint.

The decision as to whether justice requires the amendment is committed to the district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). Abuse of that discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In *Perkins v. American Elec. Power Fuel Supply, Inc*., 246 F.3d 593 (6th Cir. 2001), the Sixth Circuit listed several factors to consider in evaluating motions seeking leave to file an amended complaint:

> [T]he delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments.

*Id.* at 605.

Here, there was an unreasonable delay on the part of Plaintiff in seeking leave to file an amended complaint. Although this action has been pending for a full year, and discovery closed on December 7, 2009, Plaintiff's Counsel admits that he has conducted *absolutely no discovery in this action.* In addition, Plaintiff has delayed this action in failing to respond to Defendants' discovery requests.

Plaintiff's counsel asserts that he seeks to assert new claims based on "newly discovered evidence." This "newly discovered" evidence consists of Automated Consumer Debt Verification forms ("ACDV's") that Plaintiff's Counsel contends he did not obtain until November 4, 2009, when Counsel for Trans Union sent him these forms. Notably, however, these ACDV's are forms that existed before this action was filed. Moreover, Defendants maintain, and Plaintiff does not dispute, that Defendants specifically identified these ACDVs in

their initial disclosures as documents that may be relevant to the litigation. Nevertheless, Plaintiff's Counsel never requested those documents, or any other documents, during discovery.

Thus, the documents upon which Plaintiff seeks to file additional claims have existed since the onset of this action. Plaintiff was given approximately twelve months of discovery in this action during which he could have obtained these documents. This Court issued two scheduling orders in this action and the last scheduling order expressly advised the parties that no further extensions would be given. Nevertheless, now, after the close of discovery and after Defendants have filed dispostive motions, Plaintiff seeks to file an amended complaint. The delay requirement referenced in *Perkins* is clearly met.

The Sixth Circuit has also held that "delay alone, however, without any specifically resulting prejudice, or any obvious design by dilatoriness to harass the opponent, should not suffice as a reason for denial." *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986).

The Court concludes that such prejudice exists here, where discovery has closed and Defendants have already filed dispositive motions based on the narrow claim pled by Plaintiff and disclosed by him during discovery. *See, e.g., Miller v. Administrative Office of the Courts*, 448 F.3d 887 (6th Cir. 2006); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828 (6th Cir. 1999).

Accordingly, the Court shall DENY Plaintiff's request for leave to file an amended complaint.[2] Given this ruling, the Court shall also DENY Trans Union's motion seeking to extend discovery. (Docket Entry No. 48).

2. <u>The Court Shall Strike Plaintiff's Motions Seeking Summary Judgment On Claims Not Asserted In This Action.</u>

---

[2]The Court also notes that two of the claims Plaintiff sought to add were state-law claims, over which this Court would decline to exercise supplemental jurisdiction.

As set forth in Plaintiff's complaint, and confirmed in Plaintiff's discovery responses, the only claim asserted against Defendants Trans Union and Experian is Plaintiff's claim that Defendants failed to respond to his request for investigation within 30 days.

Nevertheless, prior to seeking leave to file an amended complaint, Plaintiff filed motions for summary judgment addressing new claims. (Docket Entry Nos. 32 & 37). Because those motions include arguments on claims other than the above, the Court shall STRIKE those motions. If Plaintiff desires to file motions for summary judgment on the sole claim he has asserted against Defendants, Plaintiff may file new motions prior to the January 8, 2010 deadline for filing motions.

3.  <u>The Court Shall Deny, Without Prejudice, Trans Union's Motion to Dismiss for Plaintiff's Contumacious and Dilatory Failure to Obey This Court's Order.</u>

In this motion, Trans Union asks the Court to dismiss Plaintiff's claims, as a discovery sanction under FED. R. CIV. P. 37, because Plaintiff has failed to respond to its discovery requests and filed a motion for summary judgment raising new claims without providing Trans Union the documents upon which his new claim is based.

As set forth above, the Court is denying Plaintiff's request to file an amended complaint at this late stage in the litigation and is striking Docket Entry Nos. 32 & 37. Trans Union has not identified any outstanding discovery that it needs in order to defend against the narrow claim asserted against it in this action. Accordingly, under these circumstances, the Court does not believe that the requested sanction of dismissal is warranted. The Court shall DENY Trans Union's Motion.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Plaintiff's Motion to File an

8

Amended Complaint (Docket Entry Nos. 47, 49 & 54) is **DENIED.**

**IT IS FURTHER ORDERED** that Trans Union's motion seeking to extend discovery (Docket Entry No. 48) is **DENIED.**

**IT IS FURTHER ORDERED** that Docket Entry Nos. 32 and 37 are hereby **STRICKEN**. If Plaintiff desires to file motions for summary judgment on the sole claim he has asserted against Defendants, Plaintiff may file new motions no later than **January 8, 2010.**

**IT IS FURTHER ORDERED** that Trans Union's Motion to Dismiss for Plaintiff's Contumacious and Dilatory Failure to Obey this Court's Orders (Docket Entry Nos. 42 & 56) is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Docket Entry No. 50) is **DENIED** as moot.

**IT IS SO ORDERED.**

> S/Sean F. Cox
> Sean F. Cox
> United States District Judge

**Dated:  December 17, 2009**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on December 17, 2009, by electronic and/or ordinary mail.**

> S/Jennifer Hernandez
> Case Manager