UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darryl B. Kaplan,

    Plaintiff,

v.                                                 Honorable Sean F. Cox

Experian Information Solutions, Inc., *et al.*,     Case No. 09-10047

    Defendants.
_____/

## OPINION & ORDER
## DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

In an Opinion & Order issued on December 17, 2009, this Court: 1) denied Plaintiff's request for leave to file an amended complaint asserting additional claims against Defendants; 2) denied Trans Union's motion seeking to extend discovery; 3) struck Plaintiff's motions seeking summary judgment on newly asserted claims; 4) denied without prejudice Trans Union's request for dismissal of this action as a discovery sanction; 5) ruled that Plaintiff's FCRA claim would be limited in accordance with his discovery responses; and 6) denied as moot Plaintiff's motion to strike a motion to stay that had already been granted. Thereafter, Plaintiff filed the instant Motion for Reconsideration. (Docket Entry No. 66). The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons that follow, Plaintiff's Motion for Reconsideration shall be DENIED.

Local Rule 7.1(g)(3) provides the following standard regarding motions for reconsideration:

    Generally, and without restricting the court's discretion, the court will not grant

1

>motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3).

Plaintiff's challenge to this Court's December 17, 2009 Opinion & Order is very narrow. Plaintiff only challenges the portion of the Opinion & Order wherein the Court ruled:

>As set forth in Plaintiff's complaint, and confirmed in Plaintiff's discovery responses, the only claim asserted against Defendants Trans Union and Experian is Plaintiff's claim that Defendants failed to respond to his request for investigation within 30 days.

(Docket Entry No. 60 at 8). Plaintiff contends that ruling was in error and should be set aside.

That issue had been raised in Trans Union's "Motion to Dismiss for Plaintiff's Contumacious and Dilatory Failure to Obey This Court's Order." In that motion, Trans Union asked this Court to dismiss this entire action as a discovery sanction under FED. R. CIV. P. 37. Among other things, Trans Union asserted, and provided Plaintiff's discovery responses to establish, that Plaintiff failed and refused to cooperate during discovery. Moreover, it asserted that Plaintiff represented in the limited discovery responses that he did submit that his FCRA claim against Trans Union was limited to whether Trans Union responded within the time permitted by statute.

Plaintiff did not file a response in opposition to that motion, even after Trans Union filed its "Request for Grant of Motion to Dismiss for Plaintiff's Failure to Respond" on December 2, 2009. (Docket Entry No. 56).[1]

---

[1] Plaintiff did file a motion seeking to strike the motion, based on an alleged Rule 11 violation.

Plaintiff now challenges the Court's ruling that, while dismissal of this action as a discovery sanction is not warranted, Plaintiff's claim against Trans Union should be limited to whether it failed to respond to his request for investigation within 30 days.  Plaintiff asserts that his complaint asserted claims against Trans Union beyond the claim that it failed to respond to his request for investigation within 30 days and that he asserted such additional claims against Trans Union throughout discovery.

As an initial matter, Plaintiff's arguments were raised for the first time in his Motion for Reconsideration.  A motion for reconsideration, however, is not properly used as a vehicle "to advance positions that could have been argued earlier but were not."  *Smith v. Mount Pleasant Schools,* 298 F.Supp.2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998); *see also, Scottsdale Insur. Co. v. Flowers,* 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration."); *Hamilton v. Gansheimer*, 536 F.Supp.2d 825, 842 (N.D. Ohio 2008) ("Courts should not reconsider prior decision where the motion for reconsideration either renews arguments already considered or proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue"). Plaintiff has offered no explanation as to why he failed to present these arguments in response to Trans Union's Motion to Dismiss.

The Court also concludes that Plaintiff's arguments lack merit.  First, the Court continues to believe that Plaintiff's complaint simply alleged that Defendants violated the FCRA by failing to respond to Plaintiff's requests for investigation within 30 days.

Plaintiff's complaint asserts only one count against Defendants – "Violation of 15 USC

3

1681 (Fair Credit Reporting Act)." In support of that claim, Plaintiff asserted that "15 USC 168i requires that when a consumer notifies a credit reporting agency ("CRA") that he disputes the completeness or accuracy of any item of information contained within their credit report, the CRA has 30 days from receipt of any such notice of dispute in which to verify or delete the item." (Compl. at ¶ 7). Plaintiff further alleged that after reviewing his credit report:

- On August 13, 2008, he "submitted a request for reinvestigation of a number of reported items to Equifax" and that "[a]pproximately three months has elapses since Equifax received the request for reinvestigation, yet Equifax has failed and/or refused to respond to the Equifax Request." (Compl. at ¶¶ 10-11).

- On August 13, 2008, he "submitted a request for reinvestigation of a number of reported items to Experian," but "Experian failed and/or refused to respond to Experian Request within the thirty days required by law." (Compl. at ¶¶ 12-13).

- On August 13, 2008, he "submitted a request for reinvestigation of a number of reported items to Trans Union," and that "Trans Union responded to certain items contained within the Trans Union Request, while failing and/or refusing to respond to other items contained therein within the thirty days required by law." (Compl. at ¶¶ 14-15)

Thus, the only factual basis alleged in the complaint that supports a FCRA claim against Trans Union (or any Defendant) was that Trans Union did not respond to Plaintiff's request for investigation within 30 days.

Moreover, even if Plaintiff's complaint had alleged additional FCRA claims against Trans Union in his complaint, **Plaintiff's conduct during discovery warrants limiting his FCRA claim against Trans Union. Plaintiff affirmatively represented in his written discovery responses** signed April 23, 2009,[2] that the only claim he was asserting against Trans

---

[2] In his Motion for Reconsideration, Plaintiff references some April 2, 2009 responses to Requests for Admission that he believes show that he was asserting additional claims against Trans Union. Plaintiff did not respond to Trans Union's Motion to Dismiss and thus did not previously present those responses, or any other responses, to the Court in response to Trans Union's motion. More importantly, Plaintiff submitted the responses cited above, wherein he

4

Union in this action is "whether Trans Union complied with its statutory obligations in resolving Plaintiff's credit dispute in a timely fashion."

Plaintiff's belated attempt to characterize his discovery responses as "somewhat weakly worded," but wrongly interpreted by the Court, is unpersuasive. (Motion for Reconsideration at 7).

The discovery responses submitted by Plaintiff are clear and unambiguous. Plaintiff refused to provide various information requested by Trans Union in discovery requests. In doing so, Plaintiff repeatedly and affirmatively represented that his claim against Trans Union was limited to whether Trans Union complied with its statutory obligations in resolving Plaintiff's dispute in a timely manner:

> Plaintiff hereby objects to the instant Interrogatory, on the grounds that the same seeks information that is entirely irrelevant, and otherwise not reasonably calculated to lead to the discovery of relevant evidence, **in a dispute in which the only issue contained within the pleadings before the Court is whether Trans Union complied with its statutory obligations in resolving Plaintiff's credit dispute in a timely fashion**. The information requested, [herein], is entirely irrelevant to the disposition of **Plaintiff's claim that Trans Union failed to resolve a credit dispute within the time-frame provided by statute.**

(Docket Entry No. 42-4, Pl.'s Responses to Interrogatories, Nos. 2, 3, 4) (underlining in original, bolding for emphasis).[3]

---

affirmatively represented the limited nature of his claims against Trans Union, **after** the responses to the requests for admission.

[3]In addition, Trans Union asked Plaintiff to identify each section of the FCRA that Plaintiff alleges it violated, and to specify all the facts that support each violation. Plaintiff's written responses, signed by both Plaintiff and his counsel, simply refer back to the complaint and do not provide any additional facts not set forth in the complaint. (Docket Entry No. 42-4 at 8).

5

Accordingly, **IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

                                  S/Sean F. Cox
                                  Sean F. Cox
                                  United States District Judge

Dated: January 26, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 26, 2010, by electronic and/or ordinary mail.

                                  S/Jennifer Hernandez
                                  Case Manager