UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darryl B. Kaplan,

    Plaintiff,

v.                                           Case No. 09-10047

Experian, Incorporated, *et al.*,         Honorable Sean F. Cox

    Defendants.

_____/

**OPINION & ORDER
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
FILED BY PLAINTIFF AND DEFENDANT EXPERIAN**

Plaintiff Darryl Kaplan ("Plaintiff") brought this action against Defendant Experian, Incorporated ("Experian"), and two other credit reporting agencies, asserting that each agency violated the Fair Credit Reporting Act ("FCRA"). Discovery in this action has closed and the matter is currently before the Court on cross-motions for summary judgment filed by Plaintiff and Experian. The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions will be decided upon the briefs. For the reasons that follow, the Court shall DENY Plaintiff's Motion for Summary Judgment and shall GRANT Experian's Motion for Summary Judgment.

BACKGROUND[1]

Plaintiff brought this action against the following three credit reporting agencies: 1) Experian; 2) Trans Union, LLC ("Trans Union") and 3) Equifax, Inc. ("Equifax").[2] Plaintiff's complaint asserts only one count against Defendants – "Violation of 15 USC 1681 (Fair Credit Reporting Act)."

This Court issued the first Scheduling Order in this matter on March 5, 2009. As reflected in the docket, Defendants have had difficulty obtaining discovery from Plaintiff from the onset of this action.

Plaintiff did eventually submit some discovery responses, wherein he represented that he was asserting a very narrow and specific claim against Defendants. In Answers to Trans Union's Interrogatories, Plaintiff objected to requests for various information on the basis of relevance, asserting that "the only issued contained within the pleadings before the Court is whether Trans Union complied with its statutory obligations in resolving Plaintiff's credit dispute in a timely manner." (Docket Entry No. 42-4 at 1) (emphasis in original). Similarly, in response to Experian's interrogatories, Plaintiff responded as follows:

> INTERROGATORY 13: Please detail the specific actions and/or inactions of Experian which you contend violated its obligations under the FCRA and indicate how Experian should have conducted itself differently.
>
> RESPONSE: Experian failed to respond to my request for investigation within 30 days. As a result, Experian was required to remove the disputed items. Experian

---

[1] This action has a rather long and tumultuous history (*see, e.g.* Docket Entry Nos. 60 & 72), which will not be restated here.

[2] On December 8, 2009, Plaintiff voluntarily dismissed all claims against Defendant Equifax. (Docket Entry No. 59).

refused to do so, even after having been urged to follow the requirements of the FCRA by my former attorney, Jeffrey Thav.

(Docket Entry No. 52-3 at 7-8).

Based on the narrow claims asserted in Plaintiff's complaint, and disclosed by Plaintiff during discovery, Defendants began filing motions for summary judgment. On October 2, 2009, Experian filed a Motion for Summary Judgment. (Docket Entry No. 31).

Plaintiff then began filing his own motions for summary judgment – but in doing so asserted new claims that were not contained in his complaint or disclosed by Plaintiff during discovery. In an Opinion & Order dated December 17, 2009, this Court struck Plaintiff's motions for summary judgment wherein he sought summary judgment on newly asserted claims. (Docket Entry No. 60). That Opinion & Order advised Plaintiff that if he desired to file motions for summary judgment on the narrow claim that he had asserted in his complaint, and disclosed during discovery, he could do so no later than January 8, 2010.

On January 8, 2010, Plaintiff filed a second motion seeking summary judgment as to Experian. (Docket Entry No. 68). In violation of this Court's order, however, Plaintiff's second motion for summary judgment as to Experian continues to assert expanded claims against Experian.

Standard Of Decision:

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the

pleadings, depositions, answers to interrogatories, and admission on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

ANALYSIS

In this action, Plaintiff alleges that Defendant Experian violated 15 U.S.C. §1681i by failing to respond to his request for investigation within 30 days. Plaintiffs seeks damages and attorney fees for that alleged violation under §1681o, which governs civil liability for negligent noncompliance with the FCRA.

Experian acknowledges that, due to a timing error on its part, the results of Experian's investigation were not mailed to Plaintiff until September 24, 2008. Therefore, Experian was "delinquent in responding by six[3] days." (*See* Docket Entry No. 31 at 3). It contends, however, that summary judgment must be granted in its favor because Plaintiff cannot establish that he incurred any actual damages as a result of that technical violation. Experian claims that if Plaintiff cannot establish that he incurred any actual damages, or establish that any claimed damages were caused by Experian's technical violation, Plaintiff cannot obtain relief under §1681o.

Plaintiff denies that he admitted that he incurred no actual damages. Plaintiff also asserts

---

[3]In its Response to Plaintiff's Motion for Summary Judgment, Experian states that it previously neglected to account for the five days it is allowed for mailing of results, and states that it was actually only one day late in responding. Whether the delay was one day or six days, however, does not change the result here.

that he is not required to establish actual damages. Plaintiff contends that he is entitled to summary judgment on the issue of liability and that the matter should proceed to a "trial limited to the issue of amount of actual damages, costs, and attorney fees." (Docket Entry No. 68 at 21).

Thus, the parties cross-motions raise the following issues.

A.  Are Actual Damages, And Causation, Essential Elements Of A Negligence Claim Under 15 U.S.C. § 1681o?

The FCRA requires that a credit reporting agency ("CRA") follow reasonable procedures to assure maximum possible accuracy of the information contained in a consumer report and requires a CRA to make a reasonable effort to reinvestigate any information contained in a credit report after it receives notification from the consumer that the information is inaccurate. 15 U.S.C. §§ 1681e(b) and 1681i(a)(1)(A). A consumer may bring a civil action against a CRA if it fails to comply with these requirements.

Section 1681n of the Act governs civil liability for willful noncompliance and provides that a person who "willfully fails to comply" with any requirement imposed under the Act can be held liable for "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a). Accordingly, a plaintiff may establish a willful noncompliance claim without establishing any actual damages.

Here, however, Plaintiff did not assert a claim for willful noncompliance against any of the Defendants. Rather, Plaintiff alleges only negligent noncompliance.

Section 1681o governs civil liability for negligent noncompliance with the Act and provides, in pertinent part:

(a) In general

5

> Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of –
> (1) *any actual damages* sustained by the consumer as a result of the failure; and
> (2) in the case of any *successful action to enforce any liability* under this section, the costs of the action together with reasonable attorney's fees as *determined by the court*.
>
> (b) Attorney's fees
> On a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment, the court shall award to the prevailing party attorney's fees reasonable in relation to the work expended in responding to the pleading, motion, or other paper.

15 U.S.C. §1681o (emphasis added).

Thus, "§1681o, unlike § 1681n, allows a plaintiff to recover only actual damages, not statutory damages." *Beaudry v. Telecheck Services, Inc.*, 579 F.3d 702, 708 (6th Cir. 2009). Accordingly, under § 1681o, proof of actual damages is an essential element of a negligence claim. *Hyde v. Hibernia Nat. Bank*, 861 F.2d 446, 448 (5th Cir. 1998); *Matise v. Trans Union Corp.*, 1998 WL 872511 (N.D. Tex. 1998); *Beaudry*, 579 F.3d at 708.

In addition, where actual damages do exist, the plaintiff must establish that the damages were caused by the defendant's violation of the FCRA. *Casella v. Equifax Credit Info. Srvs.*, 56 F.3d 469, 474-75 (2d Cir. 1995) (affirming summary judgment because of lack of causation between harm alleged by the plaintiff and the alleged violation of the Act); *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 609-10 (7th Cir. 2005); *Bach*, 149 Fed.Appx. at 360-61.

Thus, in order to pursue his FCRA claim against Experian under § 1681o, Plaintiff must establish that he incurred actual damages that were caused by Experian's violation.

6

B.  <u>Has Plaintiff Presented Evidence To Establish Any Actual Damages Caused By Experian's Violation?</u>

"In order to recover actual damages, a plaintiff must show that the violation of the statute caused the loss of credit or some other harm." *Bach v. First Union National Bank*, 149 Fed.Appx. 354, 360-61 (6th Cir. 2005) (citing *Crabill v. Trans Union, LLC*, 259 F.3d 662, 664 (7th Cir. 2001)).

In its Motion for Summary Judgment, Experian asserts that Plaintiff cannot establish that he incurred any actual damages as a result of its six-day delay in responding to Plaintiff's request for investigation.

In its motion, Experian also anticipates that Plaintiff may assert that because Experian failed to complete its investigation within 30 days, it was required to permanently delete the disputed tradelines. (*See* Docket Entry No. 31 at 3). Experian acknowledges that, under the Act, once a dispute is filed, the reporting agency must conduct an investigation to determine whether the disputed information is inaccurate and, within 30 days, either verify the information and report that to the consumer or delete the disputed item. 15 U.S.C. § 1681i(a)(1)(A). Because Experian was late in mailing the results of its investigation to Plaintiff, Experian was required, at least temporarily, to delete the disputed tradelines. Such deletions, however, are not permanent. The credit reporting agency may reinsert the disputed tradeline after confirming its accuracy. §1681i(a)(5)(B). Experian notes that, "[a]s reflected on the September 24, 2008 results, five of these tradelines were deleted. The remaining fourteen were retained and/or updated pursuant to verification received from each of the fourteen creditors. (Attached as Exhibit 4 are redacted copies of verifications from the respective creditors)." (Docket Entry No. 31 at 3-4). Experian asserts that because it had "the right to reinsert any previously deleted items upon verification

7

from the creditors, the fact that Experian failed to delete these tradelines as of September 18, 2008 is completely harmless unless Plaintiff suffered damages as a result of the six-day delay." (*Id.*).

Notably, Plaintiff does *not* assert that Experian was required to permanently delete any disputed tradelines. (*See, e.g.*, Docket Entry No. 68 at 8) (Asserting Experian failed to comply with it "statutory obligation to delete (at least temporarily) any/all tradelines associated with Disputed Items not investigated and responded to within 30 days.").

Thus, the Court must determine whether Plaintiff has submitted evidence to establish that he incurred any actual damages as a result of: 1) Experian's's six-day delay in mailing Plaintiff the results of its investigation; or 2) Experian not having temporarily deleted the disputed tradelines during that six-day period.

In support of its position that Plaintiff cannot establish any actual damages as a result of its violation, Experian relies on the following request for admission response from Plaintiff:

REQUEST FOR ADMISSION 6

Admit that you suffered no damages in the form of credit denial or otherwise from September 18, 2008 to September 26, 2008.

RESPONSE

Admitted.

(Experian's Motion, Docket Entry No. 31, Ex. 1).

Experian also submits Plaintiff's December 26, 2008 redacted report, to show that no third parties even obtained a copy of Plaintiff's credit report from Experian during the six-day time period in question. (*Id.* at Ex. 3). Experian asserts that if no third-parties obtained a copy of Plaintiff's credit report during this time period, then no third party could have denied Plaintiff

8

credit as a result of Experian's technical violation.

In responding to Experian's assertion that he cannot establish actual damages, Plaintiff denies that he has admitted that he incurred no actual damages. Rather, Plaintiff states that the above response to Experian's request for admission "was limited <u>solely</u> to credit denials." (Docket Entry No. 68 at 14). Thus, Plaintiff admits that he was not denied credit due to Experian's violation. Plaintiff asserts that Experian has overlooked his discovery response referencing other types of damages wherein he stated: "I am seeking damages for mental and/or emotional distress, to compensate for lost sleep, aggravation, anxiety, stress, appetite fluctuations, etc." (*See* Docket Entry No. 31, Ex. 1).

Actual damages for FCRA violation may include humiliation and mental distress under appropriate circumstances. *Bach*, 149 Fed.Appx. at 361 (citing *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995)). "An injured person's testimony alone may suffice to establish damages for emotional distress provided that she reasonably and sufficiently explains the circumstances surrounding the injury and does not rely on mere conclusory statements." *Bach, supra* (citing *United States v. Balistrieri*, 981 F.2d 916, 931-32 (7th Cir. 1992)).

Here, however, in response to Experian's properly supported motion, the only evidence relating to emotional distress damages submitted by Plaintiff is the above interrogatory response wherein Plaintiff states that he is "seeking damages for mental and/or emotional distress, to compensate for lost sleep, aggravation, anxiety, stress, appetite fluctuations, etc." (*See* Docket Entry No. 31, Ex. 1). The interrogatory answer provides no explanation whatsoever as to why or how Experian's violation caused him to experience emotional distress. Moreover, Plaintiff has not provided this Court with an affidavit, or any deposition testimony, wherein he has even

attempted to explain the circumstances surrounding his alleged emotional distress. Thus, at best, Plaintiff has provided a conclusory statement about his alleged emotional distress that does not raise any genuine issue of material fact on the issue of whether Plaintiff incurred any actual damages.[4] *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 609-10 (7th Cir. 2005).

Accordingly, the Court concludes that Plaintiff cannot pursue a FCRA claim against Experian under §1681o.

C.  Can Plaintiff Nevertheless Proceed To Trial To Obtain An Award Of Attorney Fees Under § 1681o?

Again, § 1681o governs civil liability for negligent noncompliance with the Act and provides, in pertinent part:

> (a) In general
>
>   Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of –
>   (1) *any actual damages* sustained by the consumer as a result of the failure; and
>   (2) in the case of any *successful action to enforce any liability* under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681o(a) (Emphasis added).

Under the plan language of the statute, "attorneys' fees are available only in the case of a 'successful action to enforce any liability under this section.' The only liability provided for by the section is actual damages." *Nagle v. Experian Info. Solutions, Inc*., 297 F.3d 1305, 1306 (8th

---

[4]Plaintiff has also failed to present any evidence to establish that his alleged emotional distress was caused by Experian's violation of the Act.

Cir. 2002). Accordingly, a "successful" FCRA action is one in which damages are awarded. *Id.*; *Crabill v. Trans Union, LLC,* 259 F.3d 662 (7th Cir. 2001); *Panko v. Discover Fin. Srvs., LLC*, 458 F.Supp.2d 580, 586-87 (N.D. Ill. 2006).

Here, Plaintiff's FCRA claim against Experian is being dismissed at the summary judgment stage because Plaintiff cannot establish that he incurred any damages as a result of Experian's violation. As such, Plaintiff is not entitled to an award of attorney fees under § 1681o(a).

CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Docket Entry No. 68) is DENIED.

IT IS FURTHER ORDERED that Defendant Experian's Motion for Summary Judgment (Docket Entry No. 31) is GRANTED and Plaintiff's claim against Experian is DISMISSED

WITH PREJUDICE.

    IT IS SO ORDERED.

                                      S/Sean F. Cox
                                      Sean F. Cox
                                      United States District Judge

Dated: April 9, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 9, 2010, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                      Case Manager

(*Id.*).