UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darryl B. Kaplan,

    Plaintiff,

v.                                      Case No. 09-10047

Experian, Incorporated, *et al.*,        Honorable Sean F. Cox

    Defendants.

_____/

**OPINION & ORDER
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
FILED BY PLAINTIFF AND DEFENDANT TRANS UNION**

Plaintiff Darryl Kaplan ("Plaintiff") brought this action against Defendant Trans Union, LLC ("Trans Union"), and two other credit reporting agencies, asserting that each agency violated the Fair Credit Reporting Act ("FCRA"). Discovery in this action has closed and the matter is currently before the Court on cross-motions for summary judgment filed by Plaintiff and Trans Union. The Court held a hearing on April 8, 2010, at which time it ordered supplemental briefing. For the reasons forth below, the Court shall DENY both motions.

BACKGROUND

Plaintiff brought this action against the following three credit reporting agencies: 1) Experian, Inc.; 2) Trans Union; and 3) Equifax, Inc. ("Equifax").[1] Plaintiff's complaint asserts

---

[1] On December 8, 2009, Plaintiff voluntarily dismissed all claims against Defendant Equifax. (Docket Entry No. 59).

1

only one count against Defendants – "Violation of 15 USC 1681 (Fair Credit Reporting Act)."

This Court issued the first Scheduling Order in this matter on March 5, 2009. As reflected in the docket, Defendants have had difficulty obtaining discovery from Plaintiff from the onset of this action.

Plaintiff did eventually submit some discovery responses, wherein he represented that he was asserting a narrow claim against Defendants. In Answers to Trans Union's Interrogatories, Plaintiff objected to requests for various information on the basis of relevance, asserting that "the <u>only</u> issued contained within the pleadings before the Court is whether Trans Union complied with its statutory obligations in resolving Plaintiff's credit dispute in a timely manner." (Docket Entry No. 42-4 at 1) (emphasis in original). Similarly, in response to Experian's interrogatories, Plaintiff responded as follows:

> INTERROGATORY 13: Please detail the specific actions and/or inactions of Experian which you contend violated its obligations under the FCRA and indicate how Experian should have conducted itself differently.
>
> RESPONSE: Experian failed to respond to my request for investigation within 30 days. As a result, Experian was required to remove the disputed items. Experian refused to do so, even after having been urged to follow the requirements of the FCRA by my former attorney, Jeffrey Thav.

(Docket Entry No. 52-3 at 7-8).

Based on the claim asserted in Plaintiff's complaint, and disclosed by Plaintiff during discovery, Defendants began filing motions for summary judgment.

Plaintiff then began filing his own motions for summary judgment – but in doing so asserted additional claims that were not contained in his complaint or disclosed by Plaintiff during discovery. In an Opinion & Order dated December 17, 2009, this Court struck Plaintiff's

motions for summary judgment wherein he sought summary judgment on newly asserted claims. (Docket Entry No. 60). That Opinion & Order advised Plaintiff that if he desired to file motions for summary judgment on the narrow claim that he had asserted in his complaint, and disclosed during discovery, he could do so no later than January 8, 2010.

On December 28, 2009, Trans Union filed its Motion for Summary Judgment. (Docket Entry No. 64).

On February 5, 2010, Plaintiff filed his cross-motion seeking summary judgment as to his claim against Trans Union. (Docket Entry No. 76).

Standard Of Decision:

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admission on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

ANALYSIS

The FCRA requires that a credit reporting agency ("CRA") follow reasonable procedures to assure maximum possible accuracy of the information contained in a consumer report and

requires a CRA to make a reasonable effort to reinvestigate any information contained in a credit report after it receives notification from the consumer that the information is inaccurate. 15 U.S.C. §§ 1681e(b) and 1681i(a)(1)(A). A consumer may bring a civil action against a CRA if it fails to comply with these requirements.

In this action, Trans Union alleges that Defendant Experian violated 15 U.S.C. §1681i by failing to timely respond to his request for reinvestigation. Plaintiff seeks damages and attorney fees for that alleged violation under §1681o, which governs civil liability for negligent noncompliance with the FCRA.

Under the FCRA, once a dispute is filed by a consumer, the CRA must conduct a "reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer." 15 U.S.C. § 1681i(a)(1)(A). Then, within 5 business days after completion of the reinvestigation, the CRA must provide written notice to the consumer of the results of the reinvestigation. 15 U.S.C. § 1681i(a)(6)(A).

Here, Plaintiff's complaint alleges that on July 24, 2008, he "obtained copies of his credit report."[2] His complaint attaches a credit report, which appears to present the information that each of three major credit reporting agencies (Trans Union, Experian and Equifax) were reporting. The front page of the report identifies the report as follows: "truecredit by TransUnion."

Plaintiff submitted a request for reinvestigation to Trans Union, which was received by

---

[2]The July 24, 2008 credit report is also attached as Exhibit A to Docket Entry 87.

Trans Union on August 27,[3] 2008. (*See* Pl.'s Compl. at ¶ 14; Ex.8 to Trans Union's Motion). In his request for reinvestigation, Plaintiff disputed sixteen enumerated tradelines. (Ex. A to Pl.'s Motion). The letter to Trans Union attached as Exhibit A to Plaintiff's motion states "I received a copy of my credit report to find the following items to be in error. See the attached copy of the credit report." (*Id.*).

On September 20, 2008, Trans Union provided Plaintiff with written notice of the results of its reinvestigation. (Ex. B to Pl.'s Motion). Trans Union's September 20, 2008 reinvestigation report list thirteen separate tradelines, with results indicated next to each. It does not, however, appear to address the following three tradelines that were included in Plaintiff's request for reinvestigation: 1) "US BK 41900043XXXX"; 2) CITI AUTO 35671XXXX"; and 3) ARROW FINANCIAL SERVIC 2625XXXX."

In his Motion for Summary Judgment, Plaintiff asserts that "[t]o date, Trans Union has not come forward with any evidence to suggest that it addressed the Remaining Disputed Items within the requisite 30 days." (Pl.'s Br. at 4). Plaintiff asserts that he is therefore "entitled to summary judgment on the issue of liability, thereby limiting trial to the issue of damages." (*Id.*).

Trans Union, on the other hand, contends that it is entitled to summary judgment because Plaintiff has admitted, in filings with the Court and correspondence with Counsel, that Trans Union "timely responded to Plaintiff's single request for an investigation." (Def.'s Motion at 1). In those referenced statements, however, Plaintiff acknowledged that Trans Union responded

---

[3]In his motion, Plaintiff asserts – without any evidentiary support – that Trans Union received his request for reinvestigation on August 16th. (Pl.'s Br. at 1). That unsupported assertion contradicts Plaintiff's own complaint and, more importantly, the certified mail receipt that Plaintiff attached to his complaint, which shows that it was received on August 27th.

5

within 30 days but Plaintiff did not state that the response addressed all disputed items raised in Plaintiff's request for reinvestigation. Thus, the Court does not view those statements as foreclosing Plaintiff's claim that Trans Union failed to respond to his request for reinvestigation as to the three tradelines at issue within 30 days.

As to Plaintiff's request for summary judgment on the ground that Trans Union did not address all disputed tradelines within 30 days, Trans Union notes that it has no duty to reinvestigate items that were not actually appearing on Plaintiff's Trans Union report at the time it received Plaintiff's dispute. Trans Union asserts that Plaintiff offers no proof as to the key issue of whether the three tradelines in question were even appearing on his Trans Union credit report at the time that it received Plaintiff's dispute.

The Court ordered the parties to provide supplemental briefing addressing the issue of whether the three tradelines at issue were being reported by Trans Union at the time of Plaintiff's request for reinvestigation.

In his supplemental brief, Plaintiff relies on the July 24, 2008 "truecredit [report] by Trans Union" as evidence to support Plaintiff's position that Trans Union was reporting the three tradelines at issue at the time of his request for reinvestigation. (Docket Entry No. 87-1).

In Trans Union's supplemental brief, it asserts that "Trans Union has a document which shows that none of the three tradelines represented by Plaintiff in the dispute: U.S. Bank, Citi Auto, or Arrow (2625) (the "Disputed Tradelines") was appearing on his Trans Union credit file as of Trans Union's receipt of Plaintiff's dispute, on August 27, 2008." (Docket Entry No. 88). For reasons unknown to the Court, however, Trans Union chose not to submit a copy of that document in support of its motion for summary judgment or in response to this Court's order for

6

supplemental briefing on this issue.

Given the evidence submitted by the parties, the Court concludes that neither party is entitled to summary judgment because a genuine issue of material fact exists as to whether Trans Union was reporting the three disputed tradelines at the time that Trans Union received Plaintiff's request for reinvestigation.

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Plaintiff's Motion for Summary Judgment as to Trans Union is DENIED. IT IS FURTHER ORDERED that Trans Union's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: May 26, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 26, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager