UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darryl B. Kaplan,

  Plaintiff,

v.            Case No. 09-10047

Experian, Incorporated, *et al.*,    Honorable Sean F. Cox

  Defendants.

_____/

# AMENDED[1] OPINION & ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT FILED BY PLAINTIFF AND DEFENDANT EXPERIAN

Plaintiff Darryl Kaplan ("Plaintiff") brought this action against Defendant Experian, Incorporated ("Experian"), and two other credit reporting agencies, asserting that each agency violated the Fair Credit Reporting Act ("FCRA"). Discovery in this action has closed and the matter is currently before the Court on cross-motions for summary judgment filed by Plaintiff and Experian. The Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motions will be decided upon the briefs. For the reasons that follow, the Court shall DENY Plaintiff's Motion for Summary Judgment and shall GRANT Experian's Motion for Summary Judgment.

---

[1]This Court originally issued an Opinion resolving these motions on April 9, 2010. In an Order issued on April 21, 2010, this Court set aside its original opinion because it had been issued without the benefit of Plaintiff's Reply Brief and attached affidavit.

1

BACKGROUND

Plaintiff brought this action against the following three credit reporting agencies: 1) Experian; 2) Trans Union, LLC ("Trans Union") and 3) Equifax, Inc. ("Equifax").[2] Plaintiff's complaint asserts only one count against Defendants – "Violation of 15 USC 1681 (Fair Credit Reporting Act)."

This Court issued the first Scheduling Order in this matter on March 5, 2009. As reflected in the docket, Defendants have had difficulty obtaining discovery from Plaintiff from the onset of this action.

Plaintiff did eventually submit some discovery responses, wherein he represented that he was asserting a narrow claim against Defendants. In Answers to Trans Union's Interrogatories, Plaintiff objected to requests for various information on the basis of relevance, asserting that "the <u>only</u> issued contained within the pleadings before the Court is whether Trans Union complied with its statutory obligations in resolving Plaintiff's credit dispute in a timely manner." (Docket Entry No. 42-4 at 1) (emphasis in original). Similarly, in response to Experian's interrogatories, Plaintiff responded that Experian failed to respond to his request for investigation within 30 days.
(Docket Entry No. 52-3 at 7-8).

Based on the narrow claims asserted in Plaintiff's complaint, and disclosed by Plaintiff during discovery, Defendants began filing motions for summary judgment. On October 2, 2009, Experian filed a Motion for Summary Judgment. (Docket Entry No. 31).

---

[2]On December 8, 2009, Plaintiff voluntarily dismissed all claims against Defendant Equifax. (Docket Entry No. 59).

Plaintiff then began filing his own motions for summary judgment – but in doing so asserted new claims that were not contained in his complaint or disclosed by Plaintiff during discovery. In an Opinion & Order dated December 17, 2009, this Court struck Plaintiff's motions for summary judgment wherein he sought summary judgment on newly asserted claims. (Docket Entry No. 60). That Opinion & Order advised Plaintiff that if he desired to file motions for summary judgment on the narrow claim that he had asserted in his complaint, and disclosed during discovery, he could do so no later than January 8, 2010.

On January 8, 2010, Plaintiff filed a second motion seeking summary judgment as to Experian. (Docket Entry No. 68).

Standard Of Decision:

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admission on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)).

ANALYSIS

The FCRA requires that a credit reporting agency ("CRA") follow reasonable procedures

to assure maximum possible accuracy of the information contained in a consumer report and requires a CRA to make a reasonable effort to reinvestigate any information contained in a credit report after it receives notification from the consumer that the information is inaccurate. 15 U.S.C. §§ 1681e(b) and 1681i(a)(1)(A). A consumer may bring a civil action against a CRA if it fails to comply with these requirements.

In this action, Plaintiff alleges that Defendant Experian violated 15 U.S.C. §1681i by failing to respond to his request for investigation within 30 days. Plaintiffs seeks damages and attorney fees for that alleged violation under §1681o, which governs civil liability for negligent noncompliance with the FCRA.

Under the FCRA, once a dispute is filed by a consumer, the CRA must conduct a "reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer." 15 U.S.C. § 1681i(a)(1)(A). Then, within 5 business days after completion of the reinvestigation, the CRA must provide written notice to the consumer of the results of the reinvestigation. 15 U.S.C. § 1681i(a)(6)(A).

On August 13, 2008, Plaintiff submitted a request for reinvestigation of a number of reported items to Experian. (Compl. at ¶ 12). Experian received Plaintiff's request for reinvestigation on Aug 18, 2008. (*Id.*; *see also* Docket Entry No.1-4 at 20). Pursuant to 15 U.S.C. § 1681li(a)(1)(A), Experian had 30 days from August 18, 2008 (until September 16, 2008) to reinvestigate. Pursuant to § 1681li(a)(6)(A), Experian then had 5 business days (until September 23, 2008) to provide its report to Plaintiff.

4

Experian acknowledges that, due to a timing error on its part, the results of Experian's investigation were not mailed to Plaintiff until September 24, 2008. Therefore, Experian acknowledges that it was *one day delinquent in providing its report to Plaintiff*. Experian contends, however, that summary judgment must be granted in its favor because Plaintiff cannot establish that he incurred any actual damages as a result of that technical violation. Experian claims that if Plaintiff cannot establish that he incurred any actual damages, or establish that any claimed damages were caused by Experian's one-day delay, Plaintiff cannot obtain relief under §1681o.

Plaintiff denies that he admitted that he incurred no actual damages. Plaintiff also asserts that he is not required to establish actual damages. Plaintiff contends that he is entitled to summary judgment on the issue of liability and that the matter should proceed to a "trial limited to the issue of amount of actual damages, costs, and attorney fees." (Docket Entry No. 68 at 21).

Thus, the parties cross-motions raise the following issues.

A. <u>Are Actual Damages, And Causation, Essential Elements Of A Negligence Claim Under 15 U.S.C. § 1681o?</u>

The FCRA requires that a credit reporting agency ("CRA") follow reasonable procedures to assure maximum possible accuracy of the information contained in a consumer report and requires a CRA to make a reasonable effort to reinvestigate any information contained in a credit report after it receives notification from the consumer that the information is inaccurate. 15 U.S.C. §§ 1681e(b) and 1681i(a)(1)(A). A consumer may bring a civil action against a CRA if it fails to comply with these requirements.

Section 1681n of the Act governs civil liability for willful noncompliance and provides

that a person who "willfully fails to comply" with any requirement imposed under the Act can be held liable for "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000." 15 U.S.C. § 1681n(a). Accordingly, a plaintiff may establish a willful noncompliance claim without establishing any actual damages.

Here, however, Plaintiff did not assert a claim for willful noncompliance against any of the Defendants. Rather, Plaintiff alleges only negligent noncompliance.

Section 1681o governs civil liability for negligent noncompliance with the Act and provides, in pertinent part:

> (a) In general
>   Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of –
>     (1) *any actual damages* sustained by the consumer as a result of the failure; and
>     (2) in the case of any *successful action to enforce any liability* under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. §1681o (emphasis added).

Thus, "§1681o, unlike § 1681n, allows a plaintiff to recover only actual damages, not statutory damages." *Beaudry v. Telecheck Services, Inc.*, 579 F.3d 702, 708 (6th Cir. 2009). Accordingly, under § 1681o, proof of actual damages is an essential element of a negligence claim. *Hyde v. Hibernia Nat. Bank*, 861 F.2d 446, 448 (5th Cir. 1998); *Matise v. Trans Union Corp.*, 1998 WL 872511 (N.D. Tex. 1998); *Beaudry*, 579 F.3d at 708.

In addition, where actual damages do exist, the plaintiff must establish that the damages were caused by the defendant's violation of the FCRA. *Casella v. Equifax Credit Info. Srvs.*, 56 F.3d 469, 474-75 (2d Cir. 1995) (affirming summary judgment because of lack of causation

between harm alleged by the plaintiff and the alleged violation of the Act); *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 609-10 (7th Cir. 2005); *Bach*, 149 Fed.Appx. at 360-61.

Thus, in order to pursue his FCRA claim against Experian under § 1681o, Plaintiff must establish that he incurred actual damages that were caused by Experian's violation.

B.  Has Plaintiff Presented Evidence To Establish Any Actual Damages Caused By Experian's Violation?

"In order to recover actual damages, a plaintiff must show that the violation of the statute caused the loss of credit or some other harm." *Bach v. First Union National Bank*, 149 Fed.Appx. 354, 360-61 (6th Cir. 2005) (citing *Crabill v. Trans Union, LLC*, 259 F.3d 662, 664 (7th Cir. 2001)).

In its Motion for Summary Judgment, Experian asserts that Plaintiff cannot establish that he incurred any actual damages as a result of its one-day delay in providing its reinvestigation report to Plaintiff. In support of its position that Plaintiff cannot establish any actual damages as a result of its violation, Experian relies on the following request for admission response from Plaintiff:

> REQUEST FOR ADMISSION 6
>
> Admit that you suffered no damages in the form of credit denial or otherwise from September 18, 2008 to September 26, 2008.
>
> RESPONSE
>
> Admitted.

(Experian's Motion, Docket Entry No. 31, Ex. 1).

Experian also submits Plaintiff's December 26, 2008 redacted report, to show that no

7

third parties even obtained a copy of Plaintiff's credit report from Experian during the above time period. (*Id*. at Ex. 3). Experian asserts that if no third-parties obtained a copy of Plaintiff's credit report during this time period, then no third party could have denied Plaintiff credit as a result of Experian's violation.

In responding to Experian's assertion that he cannot establish actual damages, Plaintiff denies that he has admitted that he incurred no actual damages. Rather, Plaintiff states that the above response to Experian's request for admission "was limited <u>solely</u> to credit denials." (Docket Entry No. 68 at 14). Thus, Plaintiff admits that he was not denied credit due to Experian's violation.

Plaintiff asserts, however, that Experian has overlooked his discovery response referencing other types of damages wherein he stated: "I am seeking damages for mental and/or emotional distress, to compensate for lost sleep, aggravation, anxiety, stress, appetite fluctuations, etc." (*See* Docket Entry No. 31, Ex. 1). In his Reply Brief, Plaintiff also states that the primary relief he is seeking is injunctive relief (i.e., an order requiring Experian to delete certain tradelines). Finally, Plaintiff also asserts that he is entitled to unspecified pre-suit attorney fees.

      1.      <u>Is Injunctive Relief Available To A Private Litigant Under The FCRA?</u>

In response to Plaintiff's assertion that he is seeking injunctive relief (i.e., an order requiring Experian to delete certain tradelines from his credit report), Experian contends that a private litigant cannot obtain injunctive relief under the FCRA. The Court agrees.

"The term "liability' is discussed in the FCRA's civil liability provisions, both of which expressly refer to damages and attorney fees without mentioning injunctive relief." *Washington*

*v. CSC Credit Servs., Inc.,* 199 F.3d 263, 268 (5th Cir. 2000); 15 U.S.C. §1681o. In *Washington*, the Fifth Circuit considered the express language of the FCRA, canons of statutory construction, the fact that the FCRA contains an affirmative grant of power to the FTC to pursue injunctive relief, and the absence of a similar grant to private litigants, and held that injunctive relief is not available to private litigants. *Washington v. CSC Credit Servs., Inc.,* 199 F.3d at 268-69. While the Sixth Circuit has not directly ruled on this issue, district courts within the Sixth Circuit have endorsed *Washington* and held that injunctive relief is not available to private litigants under the FCRA. *See, e.g., Khalil v. TransUnion, LLC*, 2009 WL 804165 (E.D. Mich. 2009); *Presley v. Equifax Credit Info. Servs.*, 2006 WL 2457978 (E.D. Ky. 2006).

2. Has Plaintiff Established A Genuine Issue Of Material Fact As To His Alleged Emotional Distress Damages?

Actual damages for FCRA violation may include humiliation and mental distress under appropriate circumstances. *Bach*, 149 Fed.Appx. at 361 (citing *Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 474 (2d Cir. 1995)). In *Butler v. Sterling, Inc*., 210 F.3d 371, 2000 WL 353502 (6th Cir. 2000), the Sixth Circuit addressed whether emotional distress damages were available under the Fair Credit Billing Act. In doing so, the court noted the Second Circuit's ruling in *Casella*, that mental distress damages are recoverable under the FCRA. The Sixth Circuit then observed, however, that such damages likely would be available only in "extreme cases." *Id.; see also Burnstein v. Saks Fifth Avenue & Co.,* 208 F.Supp.2d 765, 779 (E.D. Mich. 2002).

Moreover, because emotional distress damages are so easy to manufacture, courts have imposed a strict standard to be applied for them to be recoverable. *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971 (7th Cir. 2004); *Garrett v. Trans Union, LLC*, 2006 WL 2850499

(S.D. Ohio. 2006). Where the injured party's own testimony is the only proof of emotional distress damages, he must "reasonably and sufficiently" explain the circumstances surrounding the injury and cannot not rely on mere conclusory statements. *Bach, supra; Sarver, supra.*

Here, however, in response to Experian's properly supported motion, the only evidence relating to emotional distress damages submitted by Plaintiff consists of: 1) Plaintiff's above interrogatory response; and 2) Plaintiff's affidavit, attached to his Reply Brief.

Plaintiff's interrogatory response states that Plaintiff is "seeking damages for mental and/or emotional distress, to compensate for lost sleep, aggravation, anxiety, stress, appetite fluctuations, etc." (*See* Docket Entry No. 31, Ex. 1). That response provides no explanation whatsoever as to why or how Experian's one-day delay in providing its report to him caused him to experience emotional distress.

In his affidavit, Plaintiff states that he "was on 'pins and needles' throughout the entire summer and fall of 2008, constantly worrying about the status of [his] credit, and [his] ability to support [his] family." (Affidavit at ¶ 9). He states that when he did not receive the reinvestigation results from Experian in a timely manner, he "became even more nervous, agitated, and anxious." (*Id*. at ¶ 10). Plaintiff's affidavit further states, however, that his "biggest concern, both in sending the original Request for Investigation to Experian, in hiring two different attorneys, in eventually filing suit in this matter, and to date, was and is in obtaining declaratory and injunctive relief compelling Experian to delete the remaining disputed trade-lines." (*Id*. at ¶ 12).

Experian contends that Plaintiff's proffered evidence regarding emotional distress is insufficient to survive summary judgment because: 1) "Plaintiff acknowledges that his 'injury'

preceded the period of Experian's one-day delay by stating that he was suffering from same during the entire summer prior to the dispute being made"; and 2) "[g]iven that Plaintiff had already been experiencing emotional distress for months and given that no creditors received his credit report during the one-day delay period, there is no explained reason how the delay caused Plaintiff any differentiated level of damages." (Docket Entry No. 89 at 2-3).

While an injured person's testimony alone may suffice to establish emotional distress damages provided that he "reasonably and sufficiently explains the circumstances surrounding the injury" *Bach, supra,* the Court agrees that Plaintiff's affidavit does not reasonably or sufficiently explain how Experian's one-day delay in providing its report to Plaintiff caused him to incur emotional distress. Rather, Plaintiff has provided vague and conclusory statements that do not raise any genuine issue of material fact on the issue of whether Experian's violation caused Plaintiff to incur any compensable emotional distress damages.

Accordingly, the Court concludes that Plaintiff cannot pursue a FCRA claim against Experian under §1681o.

3. <u>Has Plaintiff Established That He Incurred Any Compensable Pre-suit Attorney Fees As A Result Of Experian's One-Day Delay In Providing Its Report?</u>

In his Reply Brief, Plaintiff also contends that he "suffered damages in the form of attorney fees and costs **unrelated** to the prosecution of his claims in this litigation." (*See* Pl.'s Reply Br. at 5) (emphasis added). Plaintiff alleges that he incurred these unspecified, and undocumented, pre-suit attorney fees when his attorneys contacted Experian to seek deletion of disputed tradelines.

A plaintiff must establish, however, that his damages were caused by the defendant's violation of the FCRA. *Casella v. Equifax Credit Info. Srvs.*, 56 F.3d at 474-75. Here,

Experian's only alleged violation of the act was its delay in providing its reinvestigation report to Plaintiff. The Court agrees that Plaintiff has failed to present any evidence to establish that these alleged pre-suit legal fees were incurred as a result of Experian's one-day delay in providing its reinvestigation report to Plaintiff.

C. Can Plaintiff Nevertheless Proceed To Trial To Obtain An Award Of Attorney Fees Incurred In This Action Under § 1681o?

Again, § 1681o governs civil liability for negligent noncompliance with the Act and provides, in pertinent part:

> (a) In general
> Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of –
> (1) *any actual damages* sustained by the consumer as a result of the failure; and
> (2) in the case of any *successful action to enforce any liability* under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681o(a) (Emphasis added).

Under the plan language of the statute, "attorneys' fees are available only in the case of a 'successful action to enforce any liability under this section.' The only liability provided for by the section is actual damages." *Nagle v. Experian Info. Solutions, Inc.*, 297 F.3d 1305, 1306 (8th Cir. 2002). Accordingly, a "successful" FCRA action is one in which damages are awarded. *Id.*; *Crabill v. Trans Union, LLC,* 259 F.3d 662 (7th Cir. 2001); *Panko v. Discover Fin. Srvs., LLC*, 458 F.Supp.2d 580, 586-87 (N.D. Ill. 2006).

Here, Plaintiff's FCRA claim against Experian is being dismissed at the summary judgment stage because Plaintiff cannot establish that he incurred any actual damages as a result

of Experian's violation. As such, Plaintiff is not entitled to an award of attorney fees incurred in this action under § 1681o(a).

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Docket Entry No. 68) is DENIED.

IT IS FURTHER ORDERED that Defendant Experian's Motion for Summary Judgment (Docket Entry No. 31) is GRANTED and Plaintiff's claim against Experian is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: May 26, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 26, 2010, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager